UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KYNITRA WATSON                                                    CIVIL ACTION

VERSUS                                                            NO. 08-3789

TJ MAXX and ZURICH NORTH AMERICA                                  SECTION: N
INSURANCE COMPANY

# **O R D E R and R E A S O N S**

Before the Court is the **Motion for Summary Judgment (Rec. Doc. 23)**, filed by Defendants TJ Maxx and Zurich North America Insurance Company. The motion is opposed by Plaintiff Kynitra Watson. After reviewing the Complaint, the memoranda of the parties, and the applicable law, the motion is granted as set forth herein.

## **I. BACKGROUND**

The plaintiff, Kynitra Watson, a 29-year-old female, slipped and fell soon after exiting a restroom in the TJ Maxx store on Clearview Parkway in Metairie, Louisiana, around 5:30 p.m. on September 16, 2007. The ladies' restroom is situated at the end of a short hallway with the men's restroom on one side of the hallway and the employee breakroom on the other. Upon exiting the restroom, Plaintiff slipped, attempted to break her fall against the wall, and struck a trashcan before hitting the ground.

At the time of the fall, two TJ Maxx employees were in the employee breakroom. Waylon Charles, an assistant store manager, exited the men's restroom and passed Plaintiff in

the hallway just before she fell. The two employees in the breakroom witnessed Plaintiff's fall. Waylon Charles turned around and saw Plaintiff fall to the ground after he heard her stumbling. Plaintiff and all three employees saw a small piece of paper on the floor immediately after the fall. The piece of paper is variously described as: "brown paper. Like the paper you wash your hands on," Mot. at Ex. B (p. 18); flat, white, and about two inches long, *id*. at Ex. C (p. 39); "a deposit slip," *id.* at Ex. B (p. 31); and "shiny, kind of coated kind of paper" and folded in four. *Id*. at Ex. D (pp. 37-8). No employee saw a piece of paper on the floor before the incident. Plaintiff did not see a piece of paper on the hallway floor before she entered the restroom. Plaintiff was in the restroom for approximately two to three minutes. She did not see any paper on the hallway floor as she left the bathroom and only saw the piece of paper "[a]s I was falling." *Id.* at Ex. D (p. 37). Plaintiff alleges that Myra Jefferson, one of the TJ Maxx employees who witnessed the fall, told her that she had passed the piece of paper a hundred times that day, but Jefferson denied ever making that statement and the Court disregards it as inadmissible hearsay.

Plaintiff claims that she suffered severe, permanent injuries as a result of the fall. A lawsuit was filed in the 24th Judicial Court of Jefferson Parish on May 9, 2008, naming TJX Companies, Inc., d/b/a TJ Maxx, and Zurich North America Insurance Company as defendants. The case was removed to this Court on June 24, 2008.

## II. ANALYSIS

**A. Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (citing *Lujan v. Nat'l*

3

*Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075 internal citations omitted). Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B. Did TJ Maxx Have Constructive Notice of the Hazard?**

Under Louisiana law, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his passageways and floors in a reasonably safe condition. LA. REV. STAT. ANN. § 9:2800.6. TJ Maxx is a retail merchant and, to prevail against it, a claimant has the burden of proving all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of

> the condition which caused the damage, prior to the occurrence.
>     (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.* A merchant has "constructive notice" of a dangerous condition if

> the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

*Id.* Considering the "period of time" requirement, the Louisiana Supreme Court has stated that:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time. . . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

*White v. Wal-Mart Stores*, 699 So.2d 1081, 1084-5 (La. 1997).

Under this jurisprudential guideline, defendant moves for summary judgment on all claims owing to Plaintiff's failure to prove actual or constructive notice of the alleged hazard, arguing that there exists no evidence that the hazard existed for a period of time sufficient to place TJ Maxx on constructive notice.

Plaintiff submits that "circumstantial evidence" provided by the testimony of Plaintiff and the three TJ Maxx employees who witnessed her fall allows the Court to infer that the hazard existed for a period of time sufficient for the merchant to discover and correct it. Opp. at

12 (Rec. Doc. 26). Plaintiff reasons that if she was in the bathroom for 2-3 minutes, and if Waylon Charles did not in that time drop the paper as he was going to and from the restroom, then the paper must have been on the floor for a long period of time, since Claire Evans testified that during her fifteen minute break, no one but Waylon Charles and the Plaintiff walked through the hallway. *Id.* But this reasoning is undercut by Plaintiff's admission that she herself did not see the paper before she entered the bathroom. Mot. at Ex. D (p. 35). In fact, courts have rejected such "negative" evidence or reasoning. In *Beard v. Dollar General Stores, Inc.,* 2005 WL 399514 (E.D. La. Feb 17, 2005), another section of this Court confronted an argument similar to the one presented by Plaintiff. In *Beard*, the plaintiff slipped and fell on a marble which, the plaintiff reasoned, had to have been on the floor for at least ten to fifteen minutes since no one else had been in the aisle for that period of time. *Id.* at 3. The Court held that "this evidence is not sufficient to raise a genuine issue of material fact as to the temporal element of constructive notice. And without the temporal element, the statute does not permit the 'inference of constructive notice.'" *Id.* (citations omitted).

Rather, the Louisiana Supreme Court has held that a plaintiff must show "positive evidence" that the damage-causing condition existed for some period of time prior to the fall. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1082 (La. 1997). Defendant cites *Babin v. Winn-Dixie Louisiana, Inc.,* 764 So.2d 37 (La. 2000), in support of its contention that Plaintiff's inference from circumstantial evidence does not constitute "positive evidence." In *Babin*, Plaintiff allegedly slipped on a box of toothpicks but could not show that the box had been on the floor for any period of time prior to the fall. The appellate court ruled that the merchant was negligent in failing to discover the hazard since the plaintiff could show that there was a

6

possibility the boxes had been on the floor for some time. *Babin,* 764 So.2d at 40. The Louisiana Supreme Court disagreed, holding that "such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial. As we explained in *White* . . . the plaintiff must make a positive showing of the existence of the condition prior to the fall." *Id.*

Finally, Plaintiff argues that the presence of employees in the vicinity of Plaintiff's fall is a factor that should be considered in determining whether TJ Maxx had constructive notice. Opp. at 10 (Rec. Doc. 26). Plaintiff cites *Blackman v. Brookshire Grocery Company*, 966 So.2d 1185 (La. App. 3rd Cir. 2007), where a store customer slipped on spaghetti sauce which had been on the floor at least three minutes. The Court stated that the presence of employees in the vicinity of an unsafe condition is "certainly a significant factor" in considering whether a merchant had constructive notice. *Id.* at 1190. In *Blackman*, however, the temporal element had already been proven–the sauce had been on the floor for at least three minutes as established by eyewitness testimony. The question then became whether the employees failed to exercise reasonable care by not following store policy of regularly checking floors for unsafe conditions. *Id.* In the instant case, Plaintiff has not presented any evidence that the paper was on the floor for some period of time prior to her fall. That Ms. Jefferson, Ms. Evans, and Mr. Charles were in and around the hallway for some time prior to the fall does not by itself put TJ Maxx on notice. *See id.* ("[T]he presence of merchant's employee(s) near the condition does not, in and of itself, constitute constructive notice of the condition.").

Plaintiff cites to a number of cases in which courts have found constructive notice, but the Court finds those cases distinguishable. Plaintiff cites *Beninate v. Wal-Mart Stores*, *Inc.*, 704

So.2d 851 (La. App. 5 Cir. 1997), in support of its contention that circumstantial evidence indicates that the hazard existed long enough to put TJ Maxx on constructive notice. In *Beninate*, the plaintiff testified that the area around the french fry that caused her fall was "black" and that there were shopping-cart tracks on the floor, indicating that the french fry had been on the floor for some time. However, the Court determined that the condition causing the plaintiff's fall existed for some time only after considering additional evidence, such as an investigator's testimony that the area where the plaintiff fell was frequently crossed by patrons carrying food and beverages, that the floor was often covered with food debris, and that employees, although aware of the hazard, never took steps to correct it. *Id.* at 855. In the instant case, Plaintiff testified that when she returned to the site of her fall after recovering herself in the employee breakroom, she noticed that the piece of paper "had been stepped on" and that "[i]t was dirty." Mot. at Ex. D (p. 46). In this regard, the case more closely resembles *Campo v. Winn-Dixie Louisiana, Inc.*, 821 So.2d 94 (La. App. 5th Cir. 2002) where the court found that the store patron who slipped and fell on a liquid failed to prove the store's constructive notice of the condition since the only witnesses who inspected the floor and pronounced it dirty with footprints did so *after* her fall, thus presenting no evidence as to length of time liquid had been on the floor *before* her fall. In any event, in *Beninate* it was not the mere state of the floor directly around the hazard, but the state of the floor *in conjunction* with other facts, that convinced the appeals court to uphold the judgment. In this case, Plaintiff has presented no such "other" facts tending to show constructive notice.

Plaintiff also points to *Norton v. Wal-Mart Stores, Inc.*, 707 So.2d 489 (La. App. 3rd Cir. 1998), where a patron slipped on a piece of wax paper that had fallen to the floor in the bakery

section of defendants' store. The Court held that it was not necessary to establish when the particular piece of paper hit the floor because there was adequate evidence showing that the condition whereby wax paper could fall to the floor existed long enough to give the merchant constructive notice of the hazard. *Id.* at 493. In the instant case, there exists no evidence of a *Norton*-like condition whereby paper falling to the floor was a likelihood sufficient to put the merchant on constructive notice.

Plaintiff cites *Riolo v. National Tea Company*, 726 So.2d 515 (La. App. 5th Cir. 1999), where the appellate court reversed summary judgment granted by the trial court, finding that the plaintiff would be unable to prove the temporal element of the constructive notice requirement. In *Riolo*, the plaintiff tripped in the merchant's parking lot after a plastic bag entangled her feet. The court ruled that it was not necessary to show the length of time the particular bag that tripped the plaintiff was on the ground, since the parking lot was strewn with plastic bags blown about by gusty weather that day. *Id.* at 518. As in *Norton*, an open and obvious condition beyond the immediate cause of the injury existed for a period of time sufficient to give the merchant constructive notice of potential danger. No such condition existed here.

Finally, Plaintiff points to *Oalmann v. K-Mart Corporation*, 630 So.2d 911 (La. App. 4th Cir. 1993), where a customer fell outside the entrance of K-Mart, allegedly because the floor was wet with rain. Although the evidence did not establish how long the floor had been wet prior to plaintiff's fall, the Court held that "[g]iven the totality of the circumstances"–namely, the rainy weather–defendant had constructive notice of the allegedly wet surface that caused the fall. *Id.* at 913. As in the other cases cited by Plaintiff, *Oalmann* differs from the instant case in that there was no obvious, pre-existing condition that made a fall likely.

## III. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED**. This disposing of all issues in the action, the matter is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 6th day of July, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**